UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JIMMY AL GUINN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 20-1166-JDT-cgc |
| | ) |
| MADISON COUNTY JAIL, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER TO MODIFY THE DOCKET, DENYING MOTION TO APPOINT COUNSEL,
DISMISSING COMPLAINT, AND GRANTING LEAVE TO AMEND

Jimmy Al Guinn, Jr., who is incarcerated at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* and a motion to appoint counsel. (ECF Nos. 1, 2 & 3.) The Court issued an order on July 31, 2020, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) Guinn sues the Madison County Jail, Madison County Sheriff John Mehr, and Lieutenant Lisa Balderrama.[1]

Pursuant to 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is

---

[1] In the complaint, Guinn identifies Defendant Lisa Balderrama as "Lt. Bolderrama." (ECF No. 1 at PageID 1-2.) However, this Defendant's correct name is provided in documents she filed in other cases in this Court. *See, e.g., Vestal v. Madison Cnty. Sheriff's Dep't, et al.*, No. 19-1188-JDT-cgc (W.D. Tenn. filed Aug. 30, 2019). The Clerk is directed to MODIFY the docket to include Balderrama's first name and to correct the spelling of her last name.

not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted).

At this stage of the proceeding, the Court has not yet determined that this case go forward. Therefore, Guinn has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel. The motion for appointment of counsel is DENIED without prejudice to re-filing should this case be allowed to proceed.

The only factual allegations in Guinn's complaint are as follows:

> The punishment I have been subjected to is cruel and unusual. 1.) There is mold in the pod(s) and bathroom(s). 2.) Its [sic] overcrowded I sleep on the floor. 3.) Living conditions are unfit for humans. 4.) Lack of opportunity for physical exercise. 5.) Insufficient sanitation/sanitary supplies.

(ECF No. 1 at PageID 2.) Guinn seeks $5 million in damages and asks for his felony record to be expunged and for a transfer to another jail facility. (*Id.* at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

 (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

 (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

2

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Guinn filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

> secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The CJC is not an entity subject to suit under § 1983. *See Jones v. Union City, Tenn.*, 206 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Guinn's allegations against the CJC, as well as any claims against Defendants Mehr and Balderrama in their official capacities, are construed as claims against Madison County, which may be held liable *only* if Guinn's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Guinn does not allege that a Madison County policy is responsible for the conditions of the CJC. He merely alleges that the unpleasant conditions exist. Guinn therefore fails to state a claim against Madison County.

With regard to his claims against Sheriff Mehr and Lt. Balderrama in their individual capacities, Guinn alleges no wrongdoing against these Defendants, and when a complaint fails to

4

allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Moreover, Guinn cannot sue Mehr or Balderrama merely because of their respective positions as Sheriff and Lieutenant "over the Madison County Jail." (ECF No. 1 at PageID 2.)  Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Iqbal*, 556 U.S. at 676; *see also Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008).  Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  Because Guinn fails to plead what actions Sheriff Mehr or Lt. Balderrama have taken, or failed to take, that violated his rights, he does not state a claim against them in their individual capacities.

Moreover, the allegations in the complaint are stated very generally, asserting only that Guinn has been subjected to the various conditions.  Guinn, however, does not allege that he was actually *harmed* by any of the conditions.  One of the three elements of standing is that "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks, footnote and citations omitted).  "In requiring a particular injury, the Court meant that the injury must affect the plaintiff in a personal and individual way."  *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011) (internal quotation marks and citation omitted).  Unless Guinn suffered an actual injury, he "was not the aggrieved party, [and] he lacks standing" to sue.  *Percival v. McGinnis*, 24 F. App'x 243, 246 (6th Cir. 2001).

Because Guinn has not alleged that he suffered any actual injury from the conditions of which he complains, he has not established that he has standing to pursue this action and has failed to state a claim on which relief may be granted.  Therefore, the complaint is subject to dismissal.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded.").  Leave to amend is not required where a deficiency cannot be cured.  *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").  In this case, the Court concludes that Guinn should be given the opportunity to amend his complaint.

In conclusion, the Court DISMISSES Guinn's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Leave to amend, however, is GRANTED.  Any amendment must be filed within twenty-one (21) days after the date of this order, on or before **August 25, 2020**.

Guinn is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings.  The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  All claims alleged in an amended complaint must arise from the facts alleged in the original complaint.  Each claim for relief must be stated in a separate count and must identify each

defendant sued in that count.  If Guinn fails to file an amended complaint within the time specified, the Court will dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

                                          s/ **James D. Todd**
                                          JAMES D. TODD
                                          UNITED STATES DISTRICT JUDGE